# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1504V

|  |  |
|---|---|
| HELEN ANGLEWICZ,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 6, 2024 |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

## ORDER DENYING MOTION FOR REDACTION[1]

On October 30, 2020, Helen Anglewicz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that following her receipt of an influenza ("flu") vaccine on September 16, 2019, she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. Petition at ¶¶ 1, 24-25. The case was assigned to the Office of Special Masters ("OSM")'s Special Processing Unit ("SPU").

On August 2, 2023, I issued a Ruling on Entitlement which included some discussion of the damages issues that remained to be resolved, including Petitioner's lost earnings claim. Ruling on Entitlement (ECF No. 44). On August 14, 2023, Petitioner filed a timely Motion for Redaction (ECF No. 45). Respondent did not take a position regarding

---

[1] Because this Order contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). To the extent that Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the request for redaction. Response filed Aug. 25, 2023 (ECF No. 46). I deferred ruling on the motion. *Accord* Order entered Nov. 29, 2023 (Non-PDF).

On February 8, 2024, I issued a Decision awarding Damages (ECF No. 49), and also warned that on the showing to date, I was unlikely to find sufficient grounds for redaction. Scheduling Order (ECF No. 50). However, Petitioner was afforded one further opportunity to further substantiate her request – being sure to address the applicable legal standard and to furnish supporting evidence and proposed redacted versions of the filings at issue. *Id.*

Petitioner did not file anything further regarding redaction by the stated deadline of February 22, 2024 (or request any extension to do so).[3] **For the following reasons, Petitioner's Motion for Redaction (ECF No. 45) is denied.**

### I.     Petitioner's Motion for Redaction

Petitioner requests the redaction of her name to her initials within the case caption. Motion at 1. Her sole rationale, quoted in its entirety, is as follows: "The Court references the Petitioner's personal financial information, including earnings and income, which the Petitioner would prefer to remain confidential." *Id.* As noted above, Petitioner has declined to elaborate on her request. Respondent has not taken a position regarding the request for redaction.

### II.    Legal Standard

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). But the Act also provides:

> (B) A decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information –
>
>> (i) Which is trade secret or commercial or financial information which is privileged and confidential, or

---

[3] However, the parties filed a Joint Notice Not to Seek Review on February 14, 2024 (ECF No. 51), enabling entry of judgment for Petitioner's compensation on February 15, 2024 (ECF No. 52).

> (ii) Which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,

And if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

Section 12(d)(4)(B); *accord* Vaccine Rule 18(b).

Some levels of redaction are explicitly recognized as reasonable in the context of Program cases. In particular, the Vaccine Rules allow the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). By contrast, adult petitioners' names are not afforded automatic protection; instead, adult claimants must affirmatively establish a basis for redaction. Thus, the Act assumes (consistent with the approach in most federal litigation) that an adult claimant's name *will* be disclosed in the context of publication of a Vaccine Program decision.

Program case law has not established a consistent "rule" for how redaction requests should be analyzed and treated. *Compare W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision) *with Langland v. Sec'y of Health & Human Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3.

In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

The Court of Federal Claims recently confirmed: "Each request for redaction must be made by applying the specifics in the case in which the redaction request is made, and… provide the necessary analysis regarding the current petitioner to explain the specific circumstances which would make redaction inappropriate [or appropriate]." *K.N. v. Sec'y of Health & Hum. Servs.*, No. 17-0722V, 2023 WL 6295167 Fed. Cl. 142, 156 (Fed. Cl. 2023).

### III.     Analysis

Under the correct standard, a petitioner's *general* concern for privacy, shared by many vaccine case petitioners, is not by itself a sufficient reason for redaction, especially when there is a strong public interest in the information's disclosure. *See W.C.*, 100 Fed. Cl. at 461. But Petitioner has not offered any particular evidence, information, or argument that her financial information is truly privileged, confidential, and/or an unwarranted invasion of privacy under the Act. Additionally, the public has a legitimate interest in compensation awarded under the Act – and in the nature of disputes that can be expeditiously resolved in SPU. Thus, Petitioner has made an insufficient showing for the redaction she seeks.

### IV.     Conclusion

For the reasons set forth above, **Petitioner's Motion (ECF No. 45) is <u>denied</u>.**

**IT IS SO ORDERED.**

**<u>s/Brian H. Corcoran</u>**
Brian H. Corcoran
Chief Special Master
